Argued and submitted January 6, 2021, affirmed February 16, 2022

BROWN CONTRACTING, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF TRANSPORTATION,
*Defendant-Respondent.*

Marion County Circuit Court
18CV52643; A172658

504 P3d 1195

Mary Mertens James, Judge.

Jacob A. Zahniser argued the cause for appellant. Also on the briefs were Ryan C. Hall and Miller Nash Graham & Dunn LLP.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiff Brown Contracting, Inc. (Brown) appeals the supplemental judgment in which the trial court granted summary judgment in favor of defendant Oregon Department of Transportation (ODOT). ODOT hired Brown to retrofit sidewalk ramps and corresponding sidewalks and driveways. This dispute arises from Brown's claim for payment for some of that work under Bid Item #0240 of the contract it had with ODOT. When ODOT denied the claim, with the understanding that it had paid Brown for the work under Bid Item #0290, Brown brought this breach of contract action. ODOT moved for partial summary judgment, arguing that there was no material dispute of fact that ODOT had paid Brown under the terms of the contract. Brown responded that the contract was ambiguous as to whether it should be paid under Bid Item #0290 or Bid Item #0240. The trial court sided with ODOT, and Brown reraises its argument on appeal that the contract was ambiguous.

We have concluded that the trial court did not err in granting summary judgment to ODOT. We have reached that conclusion after having reviewed the summary judgment record, drawing all reasonable inferences in Brown's favor, *Whalen v. American Medical Response Northwest*, 256 Or App 278, 280, 300 P3d 247 (2013); reviewing the issue for legal error, *Yogman v. Parrott*, 325 Or 358, 937 P2d 1019 (1997) (whether contractual provisions are ambiguous is a legal question); and applying our principles of contract interpretation, *Yogman*, 325 Or 358; *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 129 P3d 773, *rev den*, 341 Or 366 (2006). Once those standards are applied, there is no genuine issue of material fact (ORCP 47 C) as to whether Brown had been paid for the work for which it sought payment under Bid Item #0240, and ODOT was entitled to summary judgment.

Affirmed.